AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>Khachig Geuydjian | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>) USDC Case Number:  CR-15-00234-005 CRB<br>) BOP Case Number:  DCAN315CR00234-005<br>) USM Number:  55926-097<br>) Defendant's Attorney:  Jerry Kaplan,  Joseph Benincasa<br>(Retained) |

**THE DEFENDANT:**

☑ pleaded guilty to count: <u>One of the Second Superseding Indictment</u>

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☐ was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1962(d) and 1963 | Racketeering Conspiracy | 5/6/2015 | 1 |
| | | | |
| | | | |
| | | | |

The defendant is sentenced as provided in pages 2 through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☑ Counts <u>2 through 5 and 8 through 23</u>  are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/21/2023
Date of Imposition of Judgment

Signature of Judge
The Honorable Charles R. Breyer
<u>Senior United States District Judge</u>
Name & Title of Judge

March 24, 2023
Date

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Khachig Geuydjian                                                                    Judgment - Page 2 of 8
CASE NUMBER:  CR-15-00234-005 CRB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
        Time Served. The Court orders this sentence to be stayed for 30 days.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☐      The Court makes the following recommendations to the Bureau of Prisons:

☐      The defendant is remanded to the custody of the United States Marshal.

☐      The defendant shall surrender to the United States Marshal for this district:

        ☐      at   on  (no later than 2:00 pm).

        ☐      as notified by the United States Marshal.

☐      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        ☐      at   on  (no later than 2:00 pm).

        ☐      as notified by the United States Marshal.

        ☐      as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.

                                                    _____
                                                              UNITED STATES MARSHAL

                                    By  _____
                                                         DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Khachig Geuydjian | Judgment - Page 3 of 8 |
| CASE NUMBER:  CR-15-00234-005 CRB | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  <u>3 years.</u> The Court orders this term to be stayed for 30 days.

## MANDATORY CONDITIONS OF SUPERVISION

1)   You must not commit another federal, state or local crime.

2)   You must not unlawfully possess a controlled substance.

3)   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☑   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4)   ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5)   ☑   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6)   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7)   ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT: Khachig Geuydjian                                                    Judgment - Page 4 of 8
CASE NUMBER: CR-15-00234-005 CRB

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act as a confidential informant without first notifying the probation officer.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐   If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____         _____
                 Defendant                                                                Date

         _____         _____
                 U.S. Probation Officer/Designated Witness                    Date

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Khachig Geuydjian                                          Judgment - Page 5 of 8
CASE NUMBER:  CR-15-00234-005 CRB

## SPECIAL CONDITIONS OF SUPERVISION

1.     You must pay any special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2.     You must participate in the Location Monitoring Program as directed by the probation officer for a period of 12 months, and be monitored by Location monitoring technology at the discretion of the probation officer. Location monitoring must be utilized to verify your compliance with home detention while on the program. You are restricted to your residence at all times except for employment, education, religious services, medical appointments, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities pre-approved by the probation officer. The costs associated with this program are waived.

3.     You must submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search. Such a search must be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Khachig Geuydjian | Judgment - Page 6 of 8 |
| CASE NUMBER:  CR-15-00234-005 CRB | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | **Assessment** | **Fine** | **Restitution** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | Waived | N/A | N/A | N/A |

☐ The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $  0.00 | $  0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the.

    ☐ the interest requirement is waived for the  is modified as follows:

---

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Khachig Geuydjian

Judgment - Page 7 of 8

CASE NUMBER:  CR-15-00234-005 CRB

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows[*]:

**A**  ☐  Lump sum payment of _____ due immediately, balance due

        ☐  not later than  , or

        ☐  in accordance with  ☐ C,  ☐ D, or  ☐ E, and/or  ☐ F below); or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:
**The defendant shall pay to the United States a special assessment of $100. Payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
    a.     $3,017,888.30 seized from Bank of Manhattan account no. 208948807 on or about February 24, 2015;
    b.     $7,983,151.78 seized from Bank of Manhattan account no. 285126789 on or about February 24, 2015;
    c.     $1,926,579.42 seized from Associated Bank account no. 2283283550 on or about February 25, 2015;
    d.     $340,645.48 seized from Merchant Bank account no. 70050342 on or about February 27, 2015;
    e.     $716,539.66 seized from Citibank account no. 205851595 on or about March 12, 2015;
    f.     $2,362.80 seized from Citibank account no. 205851587 on or about March 12, 2015;
    g.     $1,910.00 seized from Citibank account no. 205851280 on or about March 12, 2015;

---

[*] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Khachig Geuydjian                                                                    Judgment - Page 8 of 8
CASE NUMBER:  CR-15-00234-005 CRB

h.    $8,839.18 seized from Citibank account no. 205851298 on or about March 12, 2015;

i.    $4,934,463.32 seized from Comerica account no. 1894966892 on or about March 4, 2015;

j.    $1,241,680.82 seized from Comerica account no. 1894966884 on or about March 4, 2015;

k.    $451,741.61 seized from Banco Santander account no. 3004892983 on or about March 5, 2015;

l.    $1,204,581.62 seized from Banc of California account no. 4010001602 on or about July13, 2015;

m.    $1,000,000.00 seized from Banc of California account no. 4010001602 on or about June 3, 2015;

n.    $1,649,169.00 seized from Bryn Mawr Trust Company account no. 2477497 on or about August 13, 2015;

o.    $569,169.00 seized from Bryn Mawr Trust Company account no. 3040001164 on or about August 13, 2015;

p.    $2,193,413.72 seized from Merchant's Bank account no. 70050376 on or about August10, 2015;

q.    $1,537,311.21 seized from Merchant's Bank account no. 70082632 on or about August 10, 2015;

r.    $619,336.46 seized from City National Bank account ending in 9306 on or about August10, 2015;

s.    $1,072.95 seized from Comerica Bank account no. 894914843 on or about May 16, 2015;

t.    $21.69 seized from Bank of the West account no. 31817338 on or about May 6, 2015;

u.    $3,037.35 seized from Wells Fargo Bank account no. 3598313660 on or about May 6, 2015;

v.    $632.24 seized from Wells Fargo Bank account no. 9475901394 on or about May 6,2015;

w.    $5,185.74 seized from Wells Fargo Bank account ending in 6767 on or about May 6, 2015;

x.    $2,800,000.00 seized from City National Bank account no. 555286767 on or about January 13, 2016;

y.    $23,652.00 seized from USAA account no. 0146714199 on or about May 22, 2014;

z.    $13,844.88 seized from USAA account no. 0147206065 on or about May 22, 2014;

aa.    $10,717.99 seized from USAA account no. 0146343336 on or about May 22, 2014;

bb.    all drugs and medication seized from or purchased by Ara Karapedyan , including, but not limited to, two bottles of Gleevec provided to a UC on January 8, 2015; eleven boxes of prescription drugs provided to law enforcement on January 20, 2015; thirteen boxes of prescription drugs seized during UPS shipment search warrant on March 24, 2015 in Eagan, MN; thirty-seven boxes of prescription drugs provided to a UC on May 4, 2015; and all drugs and medication obtained from Ara Karapedyan's residence (9000 Vanalden Ave., Unit 154, Northridge, CA) and Ara Karapedyan's business (12061 Strathern Street, North Hollywood, CA) on May 6, 2015;

cc.    one Glock 23 pistol, serial number ZW007US, and five (5) rounds of .40 caliber ammunition seized from 12061 Strathern Street, North Hollywood, CA on or about May 6, 2015;

dd.    234 silver coins seized from Ara Karapedyan's residence;

ee.    The real property and improvements located at 1634 La Loma Drive, Santa Ana, CA 92705 (APN 502-011-038);

ff.    The real property and improvements located at 213 34th Street, Newport Beach, CA 92663 (APN 423-351-18);

gg.    The real property and improvements located at 1422 Edinger Ave., Suite #230, Tustin, CA 92780 (APN 430-261-32);

hh.    The real property and improvements located at 2655 Risa Drive, Glendale, CA 91208 (AIN 5653-028-021);

ii.    The real property and improvements located at 1730 Capistrano Circle, Glendale, CA 91208 (APN 5653-015-025);

jj.    The real property and improvements located at 311 Caruso Avenue, Glendale, CA 91210 (APN 5642-014-105);

kk.    The real property and improvements located at 305 Calle Francesca San Clemente, CA 92672 (APN 060-281-39);

ll.    Any and all gold shot Artur and/or Mihran Stepanyan purchased during the pendency of this scheme;

mm.    $131,205 seized from Wells Fargo Bank account number 8717407913 on or about October 16, 2014; and

nn.    $111,387.11 seized from Wells Fargo Bank account number 1784060376 on or about October 16, 2014.

☐    The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**